*J. H. Tinsley,* for appellant.

*J. M. Unthank and Jno. I. Scott,* for appellee.

---

LUCY E. CHEATHAM *v.* JAS. A. RAGLAND.

[Abstract Kentucky Law Reporter, Vol. 7—604.]

**Restoration of Property Wrongfully Sold.**

Where real estate is sold under a judgment in rem against a non-resident owner, and the proceeding is irregular because the statute was not followed, the non-resident may have the judgment set aside by applying therefor within five years and presenting a valid defense to the action, and in such a proceeding the purchaser must restore the property.

APPEAL FROM ROWAN CIRCUIT COURT.

February 27, 1886.

OPINION BY JUDGE PRYOR:

The proceeding against the nonresident defendant is defective in so many respects that a reversal necessarily follows. The affidavit or statement made for the warning order is incomplete in failing to state that the nonresident was believed by the affiant to be absent from the county at the time. The writing sued on appears to have been signed by some one else other than the party (nonresident) who is alleged to have been the obligor. There is no authority shown for signing the name on the paper. There was no attorney appointed to defend for her and no bond executed by the plaintiff before judgment, as required by Civil Code 1876, § 410. The effect of such bond is to require the person in whose favor the judgment was rendered to restore to the defendant any property or money obtained under such judgment, restoration of which shall be adjudged; and by § 414 of the code, by a judgment upon a constructive summons when the defendant did not appear, the latter may within five years move to have the action retried, and security having been given for costs shall be permitted to make defense, and thereupon the action shall be retried as if there had been no judgment; and upon the new trial of the case, if the judgment is modified or set aside, the court may order the plaintiff to restore the money paid under it, or any property of the defendant obtained by the plaintiff under it and yet remaining in his possession, and pay to the defendant the value of any property not restored, etc. The nonresident, as a matter of course, will be required before the case is opened to present a valid defense to the action, and where doing so the case will be heard de novo.

The nonresident in this case, instead of asking to open the case for a retrial, has brought the original case to this court by an appeal and asks that it may be reversed. Under the proceedings had below, the land of the defendant was sold and purchased by the plaintiff; and when the case is reopened by this reversal and a retrial ordered should the property be restored if in the possession of the plaintiff?

The proceeding was in rem, and no personal judgment could have been rendered; and the effect of the reversal is to set aside the judgment subjecting the property to the payment of the debt. If the appellant had been before the court by actual service the reversal would not have affected the sale, or if purchased by a

stranger under the present proceeding the sale would not be disturbed. The appellant (the nonresident), has adopted a remedy in the nature of an appeal, and when the judgment is reversed we see no reason why the purchaser who is the plaintiff in accordance with Civ. Code 1876, § 414, should not be required to restore the property. The provision of the code applicable to nonresidents and for their benefit should apply whether the remedy is by motion in the court below or a retrial, or by an appeal. It is the duty of this court to give the nonresident the same relief that he would be entitled to if the case had been opened in the court below. See *Jackson v. Speed,* 2 Duv. (Ky.) 246. The judgment below is therefore *reversed* and the cause remanded with directions, if the plaintiff is the owner of the property under his purchase, to compel him to restore it. If it has passed into the hands of strangers, their remedy will be to recover its value.

*H. L. Stone, for appellant.*